WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy Nichole Ohmer, | No. CV-14-02137-TUC-BPV |
| Plaintiff, | **ORDER** |
| v. | |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is "Plaintiff's Motion and Notice of Motion for Approval of Attorney's Fees under 42 U.S.C. §406(b) of the Social Security Act", with accompanying memorandum and exhibits. (Doc. 22). Defendant has filed a Response (Doc. 24). For the following reasons, the Court grants Plaintiff's Motion.

**DISCUSSION**

Plaintiff filed this action in June 2014, seeking review of the denial of her application for supplemental security income under the Social Security Act. (Doc. 1). Thereafter, upon consideration of the parties' briefs, the Court reversed the Commissioner's decision denying benefits and remanded the matter for additional proceedings before the Administrative Law Judge. (Doc. 18); *see also* Doc. 19 (Judgment)). Upon remand, Plaintiff was granted disability benefits. (*See* Memorandum (Doc. 22-2) at 3; Counsel's Declaration (Doc. 22-3) at ¶8; Doc. 22-5).

Plaintiff now seeks attorney's fees in the amount of $10,700.00 pursuant to 42 U.S.C. §406(b). Plaintiff acknowledges that the Court has previously awarded her

$4,200.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 22-2 at 5). Plaintiff's counsel, Tye Smith, states in his declaration that "the $10,700.00 herein sought would then be immediately reduced by $4,200.00, the amount that has already been awarded under the EAJA." (Doc. 22-3 at ¶12).

Defendant "has found no basis to object[]" to Plaintiff's Motion, and defers to the Court's judgment on this matter. (Doc. 24 at 1).

Section 406 sets forth "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 795-96 (2002). Section 406(b), "controls fees for representation…" before the court. *Id.* at 794. Pursuant to §40b(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The record reflects that Plaintiff entered into a contingent-fee agreement wherein she agreed to pay attorney's fees not to exceed 25% of past-due benefits in the event that the district court, on appeal, remanded her action for additional administrative review and she was awarded past-due benefits on remand. (Doc. 22-7). The Supreme Court, when discussing the term "reasonable fee" as used in §406(b), concluded that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807 (footnote omitted). The Court also pointed out that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)) (footnote omitted). In assessing reasonableness of the fee sought, district courts should consider the

results achieved and may properly apply a reduction if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are out of proportion to the time spent on the case, thereby resulting in a windfall to counsel. *Crawford v. Astrue,* 586 F.3d 1142, 1148, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808). In making its assessment, the district court may consider the lodestar calculation as an aid, if necessary. *Id.* The attorney bears the burden of establishing that the fee sought is reasonable. *Id.* at 1148 (citing *Gisbrecht,* 535 U.S. at 807).

In applying *Gisbrecht,* the Ninth Circuit has emphasized that district courts "must respect 'the primacy of lawful attorney-client fee agreements,…looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford,* 586 F.3d at 1148 (quoting *Gisbrecht,* 535 U.S. at 793, 808). Here, the fee agreement between Plaintiff and counsel provided for a 25% contingency fee consistent with *Gisbrecht.* Notification from the Social Security Administration indicated that 25% of the past-due award, amounting to $15,888.00, was withheld from Plaintiff's past-due benefits for payment of attorney's fees. (Doc. 22-4 at 1). Thus, it appears that the approximate award of past-due benefits amounts to $63,552.00. However, counsel here does not seek the full amount allowed pursuant to the agreement and statute but, instead, requests $10,700.00, which is approximately 17% of the award.

With regard to the reasonableness of the fees sought, Plaintiff's counsel has submitted time records indicating that he spent 24 hours working on Plaintiff's case before this Court, which results in an effective hourly rate of $445.83. (Doc. 22-6). On the instant record, there is no indication of any substandard performance by Plaintiff's counsel or that he engaged in any unreasonable delay given that Plaintiff's opening brief was filed on time, and counsel requested no extensions. Instead, counsel achieved a favorable result for Plaintiff and should be compensated to recognize the risks attendant to contingent fee litigation. Further, "[i]n cases of this type, the Ninth Circuit sitting *en banc* has approved effective hourly rates of $519, $875, and $902 without finding that

they are unreasonable." *Young v. Colvin,* 2014 WL 590335, *1 (D. Ariz. Feb. 14, 2014) (citing *Crawford,* 586 F.3d at 1153). Thus, upon consideration of the *Gisbrecht* reasonableness factors, the Court concludes that the requested fee award is reasonable. However, Mr. Smith must refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and the fee awarded under the EAJA. *See Gisbrecht,* 535 U.S. at 796.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that "Plaintiff's Motion and Notice of Motion for Approval of Attorney's Fees under 42 U.S.C. §406(b) of the Social Security Act" (Doc. 22), is GRANTED and the Court hereby AWARDS Plaintiff's counsel $10,700.00 in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS FURTHER ORDERED that Plaintiff's counsel shall refund to Plaintiff the lesser of the fee awarded pursuant to 42 U.S.C. § 406(b) and the fees previously awarded pursuant to the Equal Access to Justice Act.

Dated this 30th day of October, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge